**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of Louisiana*

*Emily K. Greenfield*
*Assistant United States Attorney*

*Poydras Center*
*650 Poydras Street, 16th Floor*
*New Orleans, Louisiana 70130*

*Telephone: (504) 680-3024*
*Facsimile: (504) 589-2027*

August 10, 2016

Mr. Steven Solow
Katten Muchin Rosenman LLP
2900 K Street NW, North Tower - Suite 200
Washington, DC 20007-5118

**Re: United States v. Champion ES Holdings Inc.**
**Criminal Docket Number**

Dear Mr. Solow:

In compliance with the holding of Bryan v. United States, 492 F.2d 775 (1974) and with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government wishes to acknowledge the following agreement which was reached between the government and Champion ES Holdings Inc., (hereinafter the "Company" or "defendant"), the defendant in the above-captioned proceeding. As the Company's counsel, you have reviewed the terms of this agreement and have been advised by the Company that it fully understands the terms of this agreement. The Company, by written board resolution, has authorized you to enter into this plea agreement, on the Company's behalf.

The Company has been charged in a Bill of Information with one count of misprision of a felony in violation of Title 18, United States Code, Section 4. The Company understands that the maximum penalty it may face for the count is a fine of $500,000 or the greater of twice the gross gain to the Company or twice the gross loss to any person under Title 18, United States Code, Section 3571. The Company understands that it may face up to 5 years of probation.

Mandatory restitution is not applicable under Title 18, United States Code, Section 3663A for the offense charged in the Bill of Information. To the extent any restitution is ordered under Title 18, United States Code, Section 3663, or as a condition of probation, the Company agrees that it will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The parties do not believe that restitution is applicable in this matter.

Further, the Company understands that a mandatory special assessment fee of $400.00 is applicable under the provisions of Title 18, United States Code, Section 3013.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the agreement made between the government and the Company, the government and the Company agree and stipulate to the following plea and sentence applicable to this case:



KKS

(1) The Company shall plead guilty to Count One of the Bill of Information charging it with misprision of a felony. The facts constituting this violation shall be more thoroughly described in a mutually acceptable Factual Basis submitted herewith.

(2) In exchange for the Company's guilty plea, the United States Attorney's Office for the Eastern District of Louisiana agrees not to bring any other charges against the Company or its parents, subsidiaries or affiliated companies arising from or related to any and all conduct from the time period of October 2010 through March 2012 that occurred in the Eastern District of Louisiana. In addition, the Eastern District of Louisiana agrees that it will not bring any other charges against the Company or its parents, subsidiaries or affiliated companies arising from or related to any other conduct that is presently known by the United States Attorney's Office for the Eastern District of Louisiana. This plea agreement does not bind any other federal, state, or local prosecuting authority.

(3) It is understood that nothing within this specific agreement shall be construed to release the defendant from any possible related or consequential civil or administrative liability including administrative sanctions.

(4) The Company further agrees to pay a criminal fine of $1,000,000.00. The parties agree and stipulate that 18 U.S.C. § 3571(d) applies to the count of conviction. The Company will not capitalize into inventory or take as a tax deduction, in the United States or elsewhere, any portion of the monetary payments made pursuant to this plea agreement.

(5) The Company further agrees to pay $250,000.00 as an organizational community service payment to Barataria-Terrebonne Estuary Foundation (BTEF) pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a). The community service payment will fund the removal of invasive plant species on the barrier islands in the Eastern District of Louisiana. The invasive species will be replaced with native plant species more resilient to oiling and other pollution events. The introduction of pollinators will promote the growth of the native plant species. Because the community service payment is designated as community service by an organization, the Company agrees that it will not seek any reduction in its tax obligations as a result of these payments. In addition, since the payment constitutes community service, the Company will not characterize, publicize, or refer to the payment as a voluntary donation or contribution. The Company will further not capitalize into inventory or take as a tax deduction, in the United States or elsewhere, any portion of the monetary payments made pursuant to this plea agreement.

(6) The Company agrees to pay the total monetary penalty on the day of sentencing.

(7) As set forth above, the Company must pay a total special assessment of $400.00 on the day of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

(8) The Company will be placed on organizational probation for a period of one (1) year from the date of sentencing. The following terms of probation are the terms of probation to which the Company shall be subject:

(a) The Company agrees that it shall not commit any criminal violations, including those federal laws and regulations for which primary enforcement has been delegated to state authorities.



KDS
SPS
CW

(b) The Company shall institute controls via arrangements to be entered into with Nalco Company LLC to discontinue all sales and distributions of Cleartron ZB-103 to offshore oil and gas platforms operating in the Gulf of Mexico, after a phase-out period designed to fulfill any existing contracts. Nothing set forth herein shall require the Company, its parent, subsidiaries, or affiliates to breach existing contracts.

(c) The Company shall conduct annual training of Nalco Company LLC sales and technical personnel performing work on offshore oil and gas platforms in the Gulf of Mexico, including, but not limited to, any personnel that may be deemed a "person actually performing the activity" pursuant to 30 C.F.R. § 250.146(c), to which the Outer Continental Shelf Lands Act and its implementing regulations apply. The training shall include:

(i) A module on Ecolab's Code of Conduct Helpline, which Nalco Company LLC employees can use to report or seek guidance regarding potential or actual criminal conduct by other employees or by third parties, without fear of retaliation; and

(ii) A module on Clean Water Act laws and regulations that restrict the use of dispersants, surfactants, and detergents on offshore oil and gas platforms, as set forth in 40 C.F.R. § 110.4 and in the National Pollutant Discharge Elimination System General Permit for New and Existing Sources and New Dischargers in the Offshore Subcategory of the Oil and Gas Extraction Category for the Western Portion of the Outer Continental Shelf of the Gulf of Mexico, including a segment on the facts of this case. The Company will provide a report to the United States Probation Office and the U.S. Attorney's Office, 60 days prior to the end of the probation, documenting that the training in this subsection has been completed.

(d) The Company shall notify the probation officer within seventy-two hours of any criminal prosecution against it or knowledge by an executive officer of any referral for potential criminal prosecution to the United States Department of Justice from regulatory authorities.

(e) The Company shall designate a representative of the organization to be the primary contact with the United States Probation Office.

(f) The Company shall provide written notice to the Government, BSEE, and the U.S. Probation Office ten days prior to any of the following: (i) any change of its corporate name, (ii) any change in the principal business location or mailing address.

(g) No change in name, business reorganization, bankruptcy, change in ownership or control of the Company, merger, change in legal status, purchase of assets, or similar action shall alter or diminish the Company's obligations under this plea agreement. The Company further agrees that it will not engage in any business reorganization, transfer of ownership, corporate dissolution, or other business practice, including the sale or transfer of assets, in order to avoid the obligations set forth in this plea agreement.

The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the plea agreement, the Company or the



KDS
[illegible] aw

government will have the right to withdraw from the agreement. The government believes that a Rule 11(c)(1)(C) plea agreement is appropriate in this case due to the following:

(a) The Company provided timely, full, and complete cooperation to both regulatory and prosecuting authorities who have investigated the offenses allegedly committed by the facility operator.

(b) The Company's acceptance of responsibility for its employees' conduct.

(c) The Company's commitment to training and compliance of all its personnel in the Gulf of Mexico.

The Company, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

(a) Waives and gives up any right to appeal or contest its guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

(b) Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which its sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment, consistent with its rights under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure;

(c) Waives and gives up any right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, writs of *coram nobis* and *audita querela*, and any other collateral challenges to its sentence of any kind; and

(d) The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Further, the Company understands that any discussions with the Company's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions, except as set forth above pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The Company understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

In an effort to resolve this matter in a timely fashion and show good faith, the Company agrees to knowingly, voluntarily, and expressly waive its rights pursuant to Rule 410(a) of the Federal Rules of Evidence



KDS
SPS
AL

upon signing this plea agreement and the Factual Basis. The Company understands and agrees that in the event it violates the plea agreement, withdraws its decision to plead guilty, its guilty plea is later withdrawn or otherwise set aside, any statements made by or on behalf of the Company to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the Company during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the Company, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the Company in any and all criminal proceedings.

The Company agrees that it will continue cooperating with law enforcement authorities including to engage in best efforts to facilitate the interview of employees.

The Company agrees that the monetary penalties will be non-dischargeable in any bankruptcy proceeding and that the Company will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

This Plea Agreement shall bind the defendant and any subsidiaries and controlled affiliates. The parties, agree, however, that the factual basis for this Plea Agreement relates solely to the conduct of Champion prior to the acquisition of Champion by Ecolab Inc. and Nalco Company LLC in 2013. The Government agrees that it has no knowledge that Ecolab Inc., any current or former officer or director of Ecolab Inc., Nalco Company LLC (its wholly-owned subsidiary), or any current or former officer or director of Nalco Company LLC have committed any violation of criminal law. In recognition of these facts, the Government agrees that it will not, in any context, assert or take the position that, by virtue of this guilty plea, Ecolab Inc., Nalco Company LLC, or any current officer or director of Ecolab Inc. or Nalco Company LLC have violated any criminal law.

The Company understands that the statements set forth above and the Factual Basis to be filed in the record represent defendant's entire agreement with the government and that there are no other agreements, letters or notations that will affect this agreement.

Very truly yours,

EMILY K. GREENFIELD
Assistant United States Attorney

By: ____________________ as amended 8/29/16
Representative for Defendant
Champion ES Holdings Inc.

By: ____________________ 8/29/16
Steven Solow
~~Attorney~~ for Defendant
Authorized Agent

Kyle Schmaler
Attorney for Defendant



KMS